Jackson *v.* Reynolds.

John Jackson, appellant,

*v.*

John Reynolds et al., respondents.

The orphans court has the power to open a decree settling an intermediate account of trustees, in which it appears that commissions were allowed in excess of the sum fixed by the statute.

On appeal from a decree of the ordinary, whose opinion is reported in *Reynolds* v. *Jackson, 9 Stew. Eq. 515.*

*Mr. J. D. Bedle,* for appellant.

*Mr. J. S. Barkalow,* for respondents.

The opinion of the court was delivered by

Reed, J.

James Jackson died in 1869. He appointed as executors of and trustees under the provisions of his will, William Gledhill, David Burnett, John Reynolds and Samuel Smith.

The surviving executors—Gledhill having died—settled their final account in the Passaic orphans court, at the April term, 1871. They were allowed commissions amounting to $5,000. Thereafter the surviving executors held the estate as trustees. One of them, Burnett, in August, 1873, died. Smith and Reynolds, the survivors, settled an account at the December term, 1874, of the Passaic orphans court.

At the same term of the Passaic orphans court, Messrs. Smith and Reynolds and George B. Day (who had been substituted as trustee by virtue of the power conferred upon the surviving trustees by the fifth clause of testator's will) settled an intermediate account.

In 1877 and in 1879, intermediate accounts were settled by the same trustees.

In 1881, another intermediate account was filed, and to this account exceptions were filed.

The substance of the exceptions was, that in the first previous account of 1875 commissions in excess of the statutory standard had been allowed to the trustees to the amount of $1,102.60; that in the same account of 1875 an excess of $677.92; that in the account of 1877 an excess of $552.60; and that in the account of 1879 an excess of $704.88 had been erroneously allowed as commissions.

Upon the hearing of these exceptions, it was ordered by the orphans court that the allowance of commissions in the respective accounts be set aside, and that it be referred to a master to report the allowance to be paid to the said trustees according to law. This order was reversed by the prerogative court. The allowance of commissions in excess of the rate permitted by the statute was held in the case of *Culver* v. *Brown, 1 C. E. Gr. 533*, to be a mistake, and a decree by the orphans court opening the final decree of that court settling a guardian's account, was, upon the appearance of that fact as one of the grounds for opening the final decree, affirmed in the prerogative court.

And, inferentially, this seems to have been the view of the supreme court in the case of *Johnson* v. *Eicke, 7 Hal. 316*, for in that case the allowance of commissions was held not to be a mistake, because the sum allowed was within the range of discretion of the court which settled the account.

If the allowance of these commissions clearly beyond the limit fixed by the statute and beyond the scope of the discretionary functions of the orphans court, was a mistake, then by the one hundred and eighth section of the orphans court act, even on a final decree, such error may be corrected. It surely cannot be successfully claimed that a partial account which is the substructure of the final decree, has a greater degree of conclusiveness than the final decree itself.

In the case of *Liddel* v. *McVickar, 6 Hal. 44*, it was held that if by mistake, or other just or sufficient cause shown to the court,

an omission has taken place in a partial account exhibited in the orphans court by an administrator, such omission may be corrected and just allowance made to the administrator upon settling his final account.

It is true that a partial account once settled is deemed *prima facie* correct, and there should be convincing evidence of error before the orphans court should open it, or upon final accounting should correct it.. Here, however, there is no question concerning the presence of evidence upon which the action of the court was grounded, for the error appears conspicuously upon the face of the accounts. That the power existed in the orphans court to correct the error is, I think, manifest.

Regarding the method of procedure adopted in the present case, it may be said that probably the better practice in dealing with a partial account, in which an error is alleged to exist, is to attack it directly by a rule to set it aside in respect to the matter complained of. This has the advantage of directness, and in bringing into court parties who may have been interested in the first, but have no interest in the last account. Such parties, for instance, are deceased or discharged executors, or trustees who have settled their account as joint trustees with those still surviving.

Where, however, the parties to both accounts are identical, there is no apparent reason why the court cannot deal with an error in the first account whenever there are exceptions filed to the last account, clearly pointing out the error alleged to exist in the earlier account. All parties have notice, and so have the opportunity to be heard.

Now, this is the position of affairs in the present cause, with the exception of the first account in the year 1875. In regard to that account, it appears that one of the joint trustees who was interested in that account is dead. It appears, however, that the exceptions filed to the last account do not attack his share of the commissions. The decree of the orphans court opening the account, in regard to the allowance of commissions therein made, was correct, inasmuch as a large part of the excessive allowance was paid or retained by those who are settling this account.

As to them the court can, in resettling the account, adjust the allowance of commissions to the statutory scale. As to the deceased trustee, neither under the exceptions nor in the absence of notice to his representatives can the court affect his share of the allowance, nor does the present decree disturb his rights. I think the decree below should be reversed, and the matters should be by the prerogative court remitted to the orphans court, to be proceeded with there in the manner indicated in their decree.

*Decree unanimously reversed.*